## STEGALL v. EXCISE BOARD OF POTTAWATOMIE COUNTY.

No. 28449.  May 24, 1938.

Paul C. Thorn and Joe H. Reily, for plaintiff in error.

Thos. C. Wyatt, County Atty., and Jack Langford, for defendant in error.

GIBSON, J.  The subject of this appeal is a tax protest against an item of appropriation in the county budget of Pottawatomie county for the purpose of a county audit for the fiscal year ending June 30, 1938.  The county commissioners, pursuant to authority granted by sections 3727 and 3512, O. S. 1931, passed a resolution setting up the item in the budget and the excise board approved it.  A "biennial audit" had been made the previous year under the provisions of chapter 40, S. L. 1933.

It is the contention here that said chapter 40, S. L. 1933, repealed section 3727, O. S. 1931 (74 Okla. St. Ann. sec. 212).  The Court of Tax Review took the other view, and we think correctly.

Section 3727, O. S. 1931 (74 Okla. St. Ann. sec. 212), coming down from the Revised Laws 1910, section 8119, has provided that, among the additional powers of the State Examiner and Inspector, there is the duty, upon the request of the county commissioners of any county, to cause an examination to be had of the various county books at the expense of the county. There it is provided that the payment shall come from the contingent fund of the county, but this part of the act was amended by implication in 1917 when all funds were consolidated and the appropriation method provided. The matter is now handled by appropriation: "For annual audit and examination of fiscal affairs of county." Section 12677, O. S. 1931, ch. 66, art. 13, S. L. 1935, 68 Okla. St. Ann. sec. 289.

Under section 7660, O. S. 1931 (19 Okla. St. Ann. sec. 339), the county commissioners are authorized to "audit the accounts of all officers having the care, management, collection or disbursement of any money belonging to the county or appropriated for its benefit." Various statutes require reports to be filed with and approved by the county commissioners. It is apparent that audits may be highly desirable between the biennial audits provided by chapter 40, S. L. 1933. The Legislature evidently did not believe the 1933 act repealed the regular audit appropriation law, since by article 13, chapter 66, S. L. 1935, it carried forward the provision for appropriating for a county audit a re-enactment of section 12677, O. S. 1931.

We will not presume that the State Examiner and Inspector in carrying out the provisions of the 1933 act will unnecessarily make a duplication of work, nor will we presume that the board of county commissioners of a county will cause an unnecessary duplication of work.  In certain instances it is possible that an audit may become unneces-

sary, but the Legislature has seen fit to give the county commissioners the discretion to have an annual audit, if it finds the necessity therefor. We find no irreconcilable conflict between the statute giving this discretionary power and the 1933 law conferring a mandatory power upon the State Examiner and Inspector. The Court of Tax Review said:

"We feel that it is a matter within the sound discretion of the board of county commissioners as to whether or not they have audits made more frequently than every other year. We feel like they have the authority to specify a certain sum for the purpose of making an audit for other years than years they expect to make the biennial audit."

This succinct statement is a correct announcement of the law, and the opinion of the Court of Tax Review is accordingly affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and HURST, JJ., concur.